# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRANDI ROBINSON, and NEKECIA MARTIN,** | Civil Action Number: |
| Plaintiffs, | |
| vs. | **Jury Trial Demanded** |
| **ULTIMATE SPORTS BAR, LLC, and ALRE M. ALSTON,** | |
| Defendants. | |

## COMPLAINT

Plaintiffs Brandi Robinson ("Plaintiff Robinson"), and Nekecia Martin ("Plaintiff Martin"), by and through the undersigned counsel, bring this Complaint against Defendants Ultimate Sports Bar, LLC ("Ultimate") and Alre M. Alston ("Alston") and plead as follows:

### INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), hereinafter "the FLSA", to (1) receive the minimum wage for work weeks in which the employer failed to pay them

minimum wage and an additional like amount as liquidated damages; (2) recover the overtime pay that was denied them and an additional amount as liquidated damages; and (3) for their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Ultimate is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff Robinson resides within Fulton County, Georgia.

5.

Ultimate employed Plaintiff Robinson as a server in and around Atlanta, Georgia from March 2010 until June 1, 2012.

6.

At all times relevant to this suit, Plaintiff Robinson has been an "employee" of "Ultimate" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about March 2010 until June 1, 2012, Plaintiff Robinson has been "engaged in commerce" as an employee of Defendant Ultimate as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Plaintiff Martin resides within Fulton County, Georgia.

9.

Ultimate employed Plaintiff Martin as a waitress in and around Atlanta, Georgia from July 30, 2010 until May 30, 2012.

10.

At all times relevant to this suit, Plaintiff Martin has been an "employee" of Ultimate" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

From on or about July 30, 2010 until May 30, 2012, Plaintiff Martin has been "engaged in commerce" as an employee of Defendant Ultimate as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

Defendant Ultimate is a corporation organized under the laws of the State of Georgia.

13.

At all times material hereto, Defendant Ultimate has been an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

From on or about March 2010 until June 1, 2012, Defendant Ultimate was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

During 2010, Defendant Ultimate had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Defendant Ultimate had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Defendant Ultimate had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2010, Defendant Ultimate had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, Defendant Ultimate had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Defendant Ultimate had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2010, Defendant Ultimate had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2011, Defendant Ultimate had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2012, Defendant Ultimate had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, Defendant Ultimate has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

Defendant Ultimate is subject to the personal jurisdiction of this Court.

26.

Defendant Alston resides within Fulton County, Georgia.

27.

At all times material hereto, Defendant Alston exercised operational control over the work activities of Plaintiffs.

28.

At all times material hereto, Defendant Alston was involved in the day to day operation of the Ultimate restaurant in which Plaintiffs worked.

29.

At all times material hereto, Defendant Ultimate vested Defendant Alston with supervisory authority over Plaintiffs.

30.

At all times material hereto, Defendant Alston exercised supervisory authority over Plaintiffs.

31.

At all times material hereto, Defendant Alston scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

32.

At all times material hereto, Defendant Alston exercised authority and supervision over Plaintiffs' compensation.

33.

At all times material hereto, Defendant Alston has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

34.

Defendant Alston is subject to the personal jurisdiction of this Court.

35.

At all times relevant to this action, Defendants did not employ Plaintiffs in a manner so as to make them exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

36.

At all times relevant to this action, Defendants did not employ Plaintiffs in a manner so as to make them exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

## COUNT I

## FAILURE TO PAY MINIMUM WAGE TO ROBINSON

37.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

38.

At all times material hereto, Plaintiff Robinson has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

39.

Defendants failed to inform Plaintiff Robinson of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

40.

Defendants required Plaintiff Robinson to pay a portion of the tips she received directly to Ultimate.

41.

Defendants required Plaintiff Robinson to pay a portion of the tips she received directly to Ultimate for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

42.

From on or about March 2010 through June 1, 2012, Defendants failed to compensate Plaintiff Robinson at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

43.

From on or about March 2010 through June 1, 2012, Defendants willfully failed to compensate Plaintiff Robinson at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

44.

Plaintiff Robinson is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Robinson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

46.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff Robinson for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PAY OVERTIME TO PLAINTIFF ROBINSON

47.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

48.

At all times material hereto, Plaintiff Robinson has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

49.

During her employment with Defendants, Plaintiff Robinson regularly worked in excess of forty (40) hours each week.

50.

Defendants failed to pay Plaintiff Robinson at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 2010 through June 1, 2012.

51.

Defendants willfully failed to pay Plaintiff Robinson at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 2010 through June 1, 2012.

52.

Plaintiff Robinson is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Robinson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

54.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Robinson is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III

## FAILURE TO PAY MINIMUM WAGE TO MARTIN

55.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

56.

At all times material hereto, Plaintiff Martin has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

57.

Defendants failed to inform Plaintiff Martin of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

58.

Defendants required Plaintiff Martin to pay a portion of the tips she received directly to Ultimate.

59.

Defendants required Plaintiff Martin to pay a portion of the tips she received directly to Ultimate for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

60.

From on or about July 30, 2010 through May 30, 2012, Defendants failed to compensate Plaintiff Martin at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

61.

From on or about July 30, 2010 through May 30, 2012, Defendants willfully failed to compensate Plaintiff Martin at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

62.

Plaintiff Martin is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Martin is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff Martin for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT IV

### FAILURE TO PAY OVERTIME TO PLAINTIFF MARTIN

65.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

66.

At all times material hereto, Plaintiff Martin has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

67.

During her employment with Defendants, Plaintiff Martin regularly worked in excess of forty (40) hours each week.

68.

Defendants failed to pay Plaintiff Martin at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 30, 2010 through May 30, 2012.

69.

Defendants willfully failed to pay Plaintiff Martin at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 30, 2010 through May 30, 2012.

70.

Plaintiff Martin is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Martin is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

72.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Martin is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid minimum wage under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

4. That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

 

| | |
|---|---|
| | *DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC* |
| | |
| | */S/CHARLES R. BRIDGERS* |
| 3100 CENTENNIAL TOWER | CHARLES R. BRIDGERS |
| 101 MARIETTA STREET | GA. BAR NO. 080791 |
| ATLANTA, GEORGIA 30303 | |
| (404) 979-3171 | */S/ KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3170 (f) | KEVIN D. FITZPATRICK, JR. |
| kevin.fitzpatrick@dcbflegal.com | GA. BAR NO. 262375 |
| charlesbridgers@dcbflegal.com | |
| | **COUNSEL FOR PLAINTIFFS** |