IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDI ROBINSON, NEKECIA MARTIN, and TEQUILA DUGGAN<br><br>      Plaintiffs,<br><br>v.<br><br>ULTIMATE SPORTS BAR, LLC, BLUE STAR KITCHEN INC., LLC, and ALRE M. ALSTON,<br><br>      Defendants. | CASE NO.: 1:12-cv-02311-TWT |

**DEFENDANT BLUE STAR KITCHEN INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR A SCHEDULING ORDER AND MOTION FOR STAY PENDING MATTHEWS APPEAL**

Defendant Blue Star Kitchen, Inc. ("Blue Star") hereby opposes Plaintiffs' Motion for a Scheduling Order (the "Motion") [Doc. 80] and moves that the Court stay this action pending the outcome of the appeal in *Matthews v. Ultimate Sports Bar, LLC et. al.* (Case No. 1:13-cv-02353) ("Matthews"), which has been consolidated with this action [*Matthews*, Doc. 17], for the reasons set forth below.

   1.  On December 4, 2013, Plaintiffs added Blue Star as a defendant to this litigation (Doc. 24) even though Blue Star is a company separate and distinct from Defendant Ultimate Sports Bar, LLC ("Ultimate"). Despite

Plaintiffs' suggestion otherwise, there have been no "unusual events" delaying this case that have occurred [Doc. 80, p. 2 ("this litigation has been extended by a series of unusual events")]; rather, the parties have engaged in ordinary motion practice and good faith appeals.

2. Specifically, Blue Star timely filed a motion to dismiss the litigation on March 21, 2014. [Doc. 29]. The Court denied Blue Star's motion to dismiss finding that its allegations, when taken as true, were sufficient to state a claim for successor liability. [Doc. 53.]

3. Meanwhile, on April 9, 2014, Defendant Alre Alston moved to compel arbitration since the Plaintiffs had all signed arbitration agreements with Ultimate. [Doc. 37]. Following the Court's rejection of this motion, Alston appealed. [Doc. 54].

4. On July 7, 2014, the Court found that Alston's appeal was not frivolous and stayed this litigation pending the outcome of the appeal. [Doc. 66].

5. Around this same time, on May 13, 2014, Blue Star moved to consolidate a related action brought by Marquisha Matthews in this court. [*Matthews*, Doc. 14].

6. Among other things, Blue Star argued that "consolidation will produce significant savings of time and resources for the Court and the parties.

2

In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort and risk inconsistent outcomes on numerous legal issues; some of which have already been placed before the court in the Robinson Action." [*Matthews*, Doc. 14].

7. Blue Star continued: "Consolidation will achieve substantial efficiencies and savings without sacrificing fairness because both actions have not proceeded beyond the pleadings stage and no discovery has occurred in either action . . . In this case, it is clear that consolidation would promote the interests of judicial economy, efficiency and convenience, and that consolidation would not appear likely to yield any countervailing inconvenience, delay, prejudice or expense for the Court or the litigants." [*Matthews*, Doc. 14].

8. In moving for consolidation of this action with *Matthews*, Blue Star argued that discovery should happen at the same time in these cases. See, e.g., Dean v. ARA Environmental Services, Inc., 124 F.R.D. 224, 225 (N.D.Ga. 1988) ("As the three cases arose out of plaintiff's employment with this defendant and raised common questions of law under the FLSA, this court consolidated these three actions for purposes of discovery, pretrial motions and trial.")

3

9. Plaintiffs' counsel failed to oppose this motion, which was granted on June 16, 2014. [*Matthews*, Doc. 17].

10. Defendant Alston moved to have the *Matthews*' claims adjudicated in arbitration, but that motion was denied. [*Matthews*, Doc. 31]. Alston has appealed [*Matthews*, Doc. 32]., and the appeal currently awaits a decision from the Eleventh Circuit. Meanwhile, on December 18, 2014, this Court stayed the *Matthews* case pending the outcome of this appeal. [*Matthews*, Doc. 41].

11. Ignoring the complete procedural history of this now consolidated case, Plaintiffs request that the Court establish the following deadlines:

- April 30, 2015 – Rule 26(f) conference and filing of Joint Preliminary Planning Report
- May 31, 2015 – Parties Must Exchange Initial Disclosures
- June 1, 2015 – Beginning of Discovery
- October 1, 2015 – Discovery Closes

12. In requesting this schedule Plaintiffs have failed to consider: (a) the pending *Matthews* appeal and its potential impact on this litigation; (b) the ability of the parties to potentially resolve this matter through mediation; and (c) a reasonable length of time necessary for discovery in the event the parties are not able to resolve their claims through mediation.

13.    On May 1, 2015, Defendants requested that Plaintiffs engage in a mediation that would include all parties.

14.    Specifically, Defendants' counsel advised "Prior to conducting the Rule 26(f) Conference, preparing initial disclosures, and starting discovery, I think the parties should make a good faith effort to see if this matter can be resolved."

15.    Unfortunately, Defendants' counsel has not received any response from Plaintiffs' counsel, and Plaintiffs appear to have ignored Defendants' reasonable to request to seek a solution before excessive litigation costs are incurred by all parties during discovery.

16.    Plaintiffs, in fact, severely underestimate the amount of time necessary for discovery in their request for a four-month discovery period. Defendants believe that at least eight months will be necessary for discovery in this matter.

17.    For example, Plaintiffs have raised numerous claims concerning the way Ultimate's business operated, which will undoubtedly involve the tracking down of numerous third party witnesses, including Ultimate's former employees, to disprove Plaintiffs' claims.

18.    In addition, since Ultimate is a bankrupt company, time will be necessary to seek, review, and search through Ultimate's business records,

which are not in the possession of Blue Star, in order for Blue Star to defend itself in this litigation.

19. Plaintiffs fail to provide any rationale for their abbreviated discovery period of four months. Four months for discovery could not possibly be sufficient especially when one considers that the *Mathews* appeal remains pending, and, in the event that appeal is denied, discovery will be necessary for those claims, which currently cannot take place since that matter has been stayed pending the appeal. [*Matthews*, Doc. 41].

20. In granting previous stays in this matter, the Court has ruled that the entry of a stay will be appropriate to preserve both private and judicial resources. Nothing in this case has changed.

21. Since a stay is in place in *Matthews*, for example, complete discovery cannot be taken on the claims asserted by Marquisha Matthews. Ms. Matthews cannot be deposed on her claims by the Defendants, and the stay necessarily means that she has no obligation to participate in any form of pretrial discovery. Indeed, in the event Alston's appeal is successful, her claims will be tried in arbitration and not subject to court litigation at all. It would be inappropriate for the court to force litigation of claims that may be subject to arbitration.

22.     This Court should reject Plaintiffs' efforts to prematurely initiate discovery when all parties cannot participate in that discovery and its refusal to cooperate in a good faith effort to see if this matter can be resolved.

## CONCLUSION

For the foregoing reasons, Blue Star respectfully requests that the Court immediately direct the parties to mediation, and further stay this case pending the outcome of the Matthews appeal.

Respectfully submitted this 8th day of May, 2015.

> NEWBY LAW GROUP, LLC
>
> */s/ Kenneth A. Newby*
> **Kenneth A. Newby**
> GA State Bar No. 179772
>
> 191 Peachtree Street, N.E., Suite 3300
> Atlanta, GA 30303
> (404) 736-3727 (t)
> (404) 745-0075 (f)
> ken@newbylawgroup.com
>
> **ATTORNEY FOR DEFENDANT BLUE STAR KITCHEN, INC.**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BRANDI ROBINSON, NEKECIA MARTIN, and TEQUILA DUGGAN<br><br>    Plaintiffs,<br><br>v.<br><br>ULTIMATE SPORTS BAR, LLC, BLUE STAR KITCHEN INC., LLC, and ALRE M. ALSTON,<br><br>    Defendants. | CASE NO.: 1:12-cv-02311-twt |

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that I prepared the foregoing in Times New Roman, 14-point font, as approved by LR 5.1.

This 8th day of May, 2015.

               */s/ Kenneth A. Newby*_____
               **Kenneth A. Newby**
               GA State Bar No. 179772

## CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within and foregoing Opposition to Plaintiff's Motion for a Scheduling Order with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record identified below:

Charles Ronald Bridgers
Kevin D. Fitzpatrick, Jr.

Joy White
Jamala McFadden

    This 8th day of May, 2015.

                                    */s/ Kenneth A. Newby*_____
                                    **Kenneth A. Newby**
                                    GA State Bar No. 179772